# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHNNY LEE COULTER,   )
          )
    Plaintiff,   )
          )
vs.          )  Case No.  CIV-05-0946-F
          )
STATE OF OKLAHOMA, ex rel. )
DEPARTMENT OF HUMAN  )
SERVICES, CHILD SUPPORT  )
ENFORCEMENT DIVISION,  )
          )
    Defendant.  )

## O R D E R

Before the court is the motion of the State of Oklahoma, ex rel. Department of Human Services ("DHS"), and its employees, Dawn Zellner, Joy Buller, Regina Wilson and Lorri Thomas, to dismiss the action of plaintiff, Johnny Lee Coulter.  The plaintiff has responded to the motion, and upon due consideration, the court makes its determination.

Plaintiff, appearing *pro se*, filed a complaint on August 16, 2005, seeking damages and other relief under federal law and state law.  Plaintiff's action apparently arises from state court paternity and related child support collection proceedings.  In their motion, DHS and its employees seek to dismiss  plaintiff's action under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  Specifically, DHS contends that plaintiff's action should be dismissed because the claims against it are barred under the Eleventh Amendment.  It also asserts that as a state agency it is not a "person" subject to liability under 42 U.S.C. § 1983.  As to the federal claims against the DHS employees, the employees argue that plaintiff has failed to state any claim for relief against them.

In regard to the state claims, the employees assert that the claims should be dismissed because claims under the Governmental Tort Claims Act, Okla. Stat. tit. 51 § 151, *et seq.*, must be brought against DHS and in state court.

Plaintiff, in response, objects to the motion on the basis that DHS and its employees failed to file an answer. According to plaintiff, the court granted DHS and its employees a 15-day extension to answer the complaint. The answer was due on September 28, 2005. Instead of filing an answer, DHS and the employees filed the instant motion. As no answer was filed, plaintiff contends that DHS and the employees have left the complaint undisputed and default must be entered against them.

At the outset, the court rejects plaintiff's argument that DHS and its employees are in default for having failed to answer. As noted by plaintiff, an answer to the complaint was due on September 28, 2005. However, under the Federal Rules of Civil Procedure, a defendant may file a motion under Rule 12(b) within the time to answer, in lieu of the answer. *See*, Rule 12(b), Fed. R. Civ. P. If a Rule 12(b) motion is filed, a different timetable applies to the filing of an answer. In such case, a defendant has 10 days after notice of the court's action on the motion (assuming the motion is denied) to file an answer to the complaint. *See*, Rule 12(a)(4), Fed. R. Civ. P. Because DHS and its employees filed the instant motion within the time to answer, no answer to plaintiff's complaint would be required (if this court were to deny plaintiff's motion) until 10 days after notice of this court's order denying the motion. Therefore, DHS and its employees are not in default.

Turning to the merits of the motion, the court finds that the federal claims against DHS must be dismissed. In his complaint, plaintiff does not state the basis of the court's subject matter jurisdiction. However, plaintiff, at pages 19 and 20, cites to and sets forth the following federal statutes, which the court presumes plaintiff

relies upon for his action.  These statutes are 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1986, 42 U.S.C. § 1992 and 42 U.S.C. § 2000a-2.

> The Eleventh Amendment provides:
>
> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  The Supreme Court's decisions establish that the Eleventh Amendment restricts federal jurisdiction not only over suits brought against a state by citizens of another state but also over suits brought against a state by its own citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98, 100 (1984); Hans v. Louisiana, 134 U.S. 1 (1890).  Thus, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies, Pennhurst, 465 U.S. at 100, 104 S.Ct. at 908, and applies "whether the relief sought is legal or equitable."  Papasan v. Allain, 478 U.S. 265, 276 (1986).

The sovereign immunity afforded by the Eleventh Amendment, however, is not absolute.  A state may waive its Eleventh Amendment immunity and consent to suit in federal court.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985).  In addition, Congress may abrogate the states' Eleventh Amendment immunity.  Id. "[B]ecause the Eleventh Amendment implicates the fundamental constitutional balance between the Federal Government and the States," Id. at 238-39, 105 S.Ct. at 3145, the court applies a stringent test to determine if the exceptions are met.  See Pennhurst, 465 U.S. at 99-100, 104 S.Ct. at 907-908.  Thus, any waiver by the state of its Eleventh Amendment immunity must be unequivocal.  Id. at 99, 104 S.Ct. at 907.  Constructive consent is insufficient.  Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).  Congress may abrogate the states' Eleventh Amendment immunity from suit in federal court "only by making its intention

3

unmistakably clear in the language of the statute." <u>Atascadero</u>, 473 U.S. at 242, 105 S.Ct. at 3147.

The Supreme Court has previously held that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. <u>Quern v. Jordan</u>, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Tenth Circuit has applied the Supreme Court's holding with equal force to civil rights claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1986. <u>Ellis v. University of Kansas Medical Center</u>, 163 F.3d 1186, 1196 (10th Cir. 1998); <u>Seibert v. State of Oklahoma ex rel. Univ. of Oklahoma Health Sciences Center</u>, 867 F.2d 591, 594 (10th Cir. 1989). The State of Oklahoma has not waived Eleventh Amendment immunity or consented to suit in regard to plaintiff's claims under sections 1981, 1983 and 1986. Accordingly, the court finds that these claims against DHS are barred under the Eleventh Amendment.

The court likewise finds that the § 1983 claims against DHS must be dismissed because the state and its agencies are not persons for purposes of § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

As stated, plaintiff has also cited to 42 U.S.C. § 1992 and 42 U.S.C. § 2000a-2 in his complaint. The court has not found any circuit authority addressing whether the Eleventh Amendment would bar an action under these particular laws. The court, however, finds that plaintiff has failed to state a claim for relief in regard to these laws. There does not appear to be any private right of action under § 1992 and the statute appears to bear no relevance to the facts alleged in the complaint. As to §2000a-2, the statute also does not appear to apply as DHS is not "any place of public accommodation." Therefore, without considering whether the Eleventh Amendment immunity applies, the court concludes that the claims must be dismissed for failure to state a claim for which relief may be granted. The court also finds that plaintiff should

not be allowed to amend the complaint in regard to these claims as it appears that plaintiff would not be able to assert any claim against DHS under these statutes and therefore any amendment would be futile.

As to the state law claims against DHS, the court finds that the claims must be dismissed under the Eleventh Amendment.  In Mascheroni v. Board of Regents of the University of California, 28 F.3d 1554 (10th Cir. 1994), the Tenth Circuit, finding no express waiver of the Eleventh Amendment immunity and no unequivocal Congressional abrogation of the Eleventh Amendment immunity, held that the state law tort and contract claims alleged against the Board of Regents of the University of California were barred by the Eleventh Amendment.  The court, in reaching its decision, found that the fact the plaintiff had attached the state law claims to Title VII claims under the doctrine of supplemental jurisdiction did not render the Eleventh Amendment inapplicable because "'neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.'" Mascheroni, 28 F.3d at 1559 (quoting Pennhurst 456 U.S. at 121.)

There is no indication that the State of Oklahoma has waived its Eleventh Amendment immunity.  While Oklahoma has waived its sovereign immunity for claims brought under the GTCA, that waiver does not amount to a waiver of Oklahoma's Eleventh Amendment immunity.  Okla. Stat. tit. 51, §152.1(B); Ramirez v. Oklahoma Dept. of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994); Seibert, 867 F.2d at 595.  Inasmuch as Congress has not abrogated the states' Eleventh Amendment immunity against state law claims brought in federal court, Mascheroni, 28 F.3d at 1560, and because Oklahoma has not unequivocally waived Eleventh Amendment immunity, the court finds that the Eleventh Amendment bars the state law claims against DHS.  Leave to amend shall be denied as any amendment of the complaint in regard to state law claims would be futile.

To the extent the plaintiff has alleged federal claims against the DHS employees, the court finds that the claims must be dismissed for failure to state a claim for which relief may be granted.  Plaintiff fails to set forth in the complaint allegations that each of the individual employees violated his constitutional and/or statutory rights.  Discussing the alleged deprivations and illegality against him on page 12 of the complaint, plaintiff refers only to "The Defendant."  None of the individual employees are identified.  While the complaint does allege some facts in regard to the individual employees, these allegations, even construed liberally, do not state a violation of constitutional or statutory rights.  The court therefore finds that the claims must be dismissed for failure to state a claim.

To the extent plaintiff has alleged state law tort claims against the employees, the court finds that the claims must be dismissed.  Section 163(C) of the Governmental Tort Claims Act (GTCA) provides in pertinent part:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or political subdivision against which liability is sought to be established.  In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .

Okla. Stat. tit. 51, § 163(C).  Section 152(9) of the GTCA defines scope of employment as performance by employee acting in good faith within the duties of her office or employment or of tasks lawfully assigned by competent authority.  Okla. Stat. tit. 51, § 152(9).  Although employees of the state are protected from tort liability while performing within the scope of their employment, that protection does not render such employees immune from liability for willful and wanton negligence or other conduct which places the employees outside the scope of their employment.  Holman v. Wheeler, 677 P.2d 645 (Okla. 1983).  However, in his complaint, plaintiff has not alleged any facts to indicate that the individual employees were acting outside

6

their scope of employment.  Therefore, plaintiff cannot maintain the state law tort claims against the individual employees.

To the extent plaintiff seeks to sue the employees under the state constitution, statutes, administrative code and/or civil procedure rules, the court finds that plaintiff has failed to state a claim against the employees and these claims must be dismissed.

It is unclear whether plaintiff actually seeks relief against the employees. Indeed, in his prayer for relief on page 25, plaintiff only mentions "The Defendant," and DHS is the only named defendant in the caption of the complaint.  However, plaintiff sought issuance of four summonses naming the State of Oklahoma Department of Human Services and the individual employee in parenthesis.  As stated in this order, plaintiff cannot proceed against DHS as to the majority of claims in this court on the basis of the Eleventh Amendment, and all federal and state law claims against DHS, for the reasons stated in this order, shall be dismissed without prejudice. If plaintiff wishes to pursue claims against both DHS and the employees in one court, plaintiff shall file a pleading on or before November 1, 2005, advising the court in writing that he wishes to dismiss this action without prejudice.  The court will construe the pleading as a notice of dismissal, and this action will be dismissed without prejudice to plaintiff's refiling his action in the state court.  If plaintiff wishes to pursue this action solely against the employees, the plaintiff shall be required to file an amended complaint which sets forth all of his claims against each of the employees.  The amended complaint shall be filed on or before November 1, 2005. If plaintiff fails to file an amended complaint by November 1, 2005, the court will enter a judgment dismissing this entire action without prejudice.

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Dismiss (doc. no. 9), filed September 28, 2005 is **GRANTED**.  The claims against defendant, DHS,

are **DISMISSED WITHOUT PREJUDICE**.  Leave to amend the complaint against DHS is **DENIED** on the basis that any amendment would be futile.

IT IS ALSO ORDERED that, to the extent plaintiff has alleged claims against current or former DHS employees, Dawn Zellner, Joy Buller, Regina Wilson and Lorri Thomas, those claims are **DISMISSED WITHOUT PREJUDICE**.  **On or before November 1, 2005**, plaintiff may either:  (1) file a pleading advising the court in writing that he wishes to dismiss this action without prejudice, which the court will construe as a notice of dismissal and dismiss this action without prejudice to refiling in state court, or (2) file an amended complaint which sets forth all of his claims against each of the individual employees.  Plaintiff is advised that failure to file a pleading advising that plaintiff wishes to dismiss this action or failure to file an amended complaint setting forth his claims against the individual employees **by November 1, 2005**, shall result in a judgment dismissing this entire action without prejudice.

ENTERED this 19th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0946p002(pub).wpd