**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHNNY LEE COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case  No. CIV-05-0946-F |
| | ) | |
| STATE OF OKLAHOMA, ex rel. | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, CHILD SUPPORT | ) | |
| ENFORCEMENT DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the court is Defendants' Joint Motion to Dismiss Amended Complaint, filed December 12, 2005 (doc. no. 20).  The plaintiff has responded to the motion, and upon due consideration, the court makes its determination.

Plaintiff, appearing *pro se*, filed a complaint on August 16, 2005, seeking damages and other relief under federal law and state law.  Plaintiff's action apparently arose from state court paternity and related child support collection proceedings.[1]  Shortly thereafter, defendant, State of Oklahoma, ex rel. Department of Human Services (DHS) and its employees, Dawn Zellner, Joy Buller, Regina Wilson and Lorri Thomas, filed a motion seeking to dismiss plaintiff's action under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  The court granted the motion and dismissed

---

[1]  The court notes that plaintiff's paternity of his child, born almost 16 years ago, was apparently determined more than 14 years ago. Nothing in the papers before the court suggests that plaintiff contests paternity or the substantial child support arrearage.  If the energy and intensity plaintiff has applied to his litigation had been applied to supporting the child he sired, he might not have found himself in need of the judicial relief to which he perceives himself to be entitled.

plaintiff's claims without prejudice.  As to DHS, the court concluded that most of the federal law and state law claims were barred under the Eleventh Amendment.

As to the DHS employees, the court found that the federal claims, to the extent such claims had been alleged, must be dismissed for failure to state a claim.  The court also found that the state tort claims, to the extent such claims had been alleged, must be dismissed as the Governmental Tort Claims Act required such claims to be brought against DHS, because the complaint alleged no facts indicating that the employees were acting outside the scope of their employment.  The court further found that all other state claims, to the extent such claims were alleged, must be dismissed on the basis that those claims failed to state a claim for which relief may be granted.

Because it was unclear to the court whether plaintiff actually sought relief against the DHS employees and because the Eleventh Amendment precluded the pursuit, in this court, of most of the claims asserted against DHS, the court permitted plaintiff to advise the court whether he wished to dismiss the entire action without prejudice to re-filing in state court or to file an amended complaint setting forth his claims against each of the individual DHS employees.  The plaintiff chose the latter course and filed an amended complaint on November 16, 2005.  The individual DHS employees have filed the instant motion to dismiss seeking to dismiss the amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.

A district court should not grant a motion to dismiss under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001).  In evaluating the amended complaint, all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party.  *Id.*  Because plaintiff is *pro se*, the court also construes the complaint liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Like the original complaint, the amended complaint does not state the basis of the court's subject matter jurisdiction.  Unlike the original complaint, however, plaintiff does not cite any federal statutes, other than "USC 18 § 100" at page 12 of the complaint, upon which plaintiff relies for his action.  There is no federal statute at 18 U.S.C. § 100.  However, liberally construing his amended complaint, it appears to the court that plaintiff is alleging claims against the individual DHS defendants under 42 U.S.C. § 1983.  Specifically, it appears that plaintiff is alleging that defendants deprived him over his property without due process of law, thereby violating the Fourteenth Amendment to the United States Constitution.  It also appears that plaintiff is alleging state law claims against defendants.[2]

"'To state a valid cause of action under § 1983, plaintiff must allege deprivation by defendant of a right, privilege or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of law.'" Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir. 1994) (quoting Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992)).  Upon review, the court concludes that plaintiff has failed to allege deprivation by defendants of a right secured by the Constitution.  Plaintiff's § 1983 claims, to the extent such claims are alleged, are based upon the faulty premise that defendants cannot take action to collect child support payments from plaintiff because of a dismissal without prejudice entered in the state court action of State of Oklahoma ex rel. Department of Human Services v. Coulter, Case No. FD-89-8126, on February 15, 2001.  The dismissal without prejudice relied upon by plaintiff, a

---

[2]To the extent plaintiff alleges claims for money damages against defendants in their official capacities, the court finds that such claims must be dismissed without prejudice as barred by the Eleventh Amendment. The Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. See, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984).

copy of which is attached as Exhibit 1 to defendants' motion,[3] shows that the dismissal without prejudice was a dismissal by DHS of an application for contempt citation previously filed by DHS. It did not preclude any collection efforts by DHS of past-due child support. There is nothing in the state court proceedings indicating that DHS is precluded from collecting any past-due child support. Therefore, plaintiff's § 1983 claims, which are based upon the cited dismissal without prejudice, fail to state a claim upon which relief may be granted and must be dismissed.

To the extent that plaintiff alleges claims under § 1983 that defendants conspired to deprive him of his constitutional rights, the court finds that such claims must also be dismissed for failure to state a claim. In pleading conspiracy, a plaintiff must allege "specific facts showing agreement and concerted action among [the alleged co-conspirators]." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 837 (1994). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). Thus, a plaintiff fails to state a claim for conspiracy absent specific facts showing a "meeting of the minds" among the alleged co-conspirators. *See*, Hunt, 17 F.3d at 1268. In this case, plaintiff's complaint is unsupported by specific facts showing an agreement among the alleged co-conspirators to deprive plaintiff of his constitutional rights. Therefore, the court concludes that the § 1983 conspiracy claims, to the extent alleged, must also be dismissed.

As to the state tort claims alleged against defendants, the court again concludes that dismissal of these claims is required. The Governmental Tort Claims Act,

---

[3]The dismissal without prejudice, which is a matter of public record, is treated as part of plaintiff's pleadings for purposes of ruling on defendants' motion to dismiss. *See*, Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n. 1 (10th Cir.2004) (facts subject to judicial notice, such as prior court proceedings, may properly be considered in a motion to dismiss).

specifically Okla. Stat. tit. 51, § 153(B)[4] and Okla. Stat. tit. 51, § 163(C)[5], requires such tort claims to be brought against DHS unless the employees were not acting within the scope of their employment.  As was the case with the original complaint, there are no facts alleged in the amended complaint that indicate the DHS employees were not acting within the scope of their employment at the time of the alleged acts. Therefore, plaintiff cannot proceed against the DHS employees on the state tort claims and those claims must be dismissed.

To the extent plaintiff sues defendants under state civil procedure rules, *see*, p. 12 of the amended complaint, the court also finds that plaintiff has failed to state a claim against defendants and these claims must be dismissed.

The court has previously permitted plaintiff leave to amend his complaint to allege claims against the DHS employees.  In response to defendants' motion, plaintiff has not requested leave to file another amended complaint should the court find dismissal of the claims appropriate.  Because no request (formal or informal) has been made and plaintiff has failed to cure the deficiencies in the previous amendment allowed, the court declines to grant plaintiff further leave to amend.  *See*, Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186-87 (10th Cir.1999) (district court need not grant leave to amend when plaintiff fails to make formal motion; informal request to amend in response to motion to dismiss is insufficient if it fails to

---

[4]Section 153(B) provides in pertinent part:

> The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the . . . employee at common law or otherwise.

[5]Section 163(C) provides in pertinent part:

> In no instance shall an employee of the state or political subdivision acting within the scope of [her] employment be named as defendant . . . .

give grounds for proposed amendment and merely "dangl[es]" at end of response); Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993) (repeated failure to cure deficiencies by amendments previously allowed grounds for denying leave to amend).  The court concludes that the plaintiff's claims against the defendants, in their individual capacities, must be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Dismiss Amended Complaint (doc. no. 20), filed December 12, 2005, is **GRANTED**.

The § 1983 claims and state law claims against defendants, Dawn Zellner, Joy Buller, Regina Wilson, and Lorri Thomas, in their individual capacities, are dismissed with prejudice.  Any claims alleged against the defendants, in their official rather than individual capacities, to the extent such claims have been alleged, are dismissed without prejudice.

Judgment shall issue forthwith.

ENTERED this 4th day of January, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0946p006(pub).wpd

6